Sarah E. Josephson, Esq.
Jermain, Dunnagan & Owens
3000 A St., Suite 300
Anchorage, AK 99503
(907) 563-8844

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, for the use and benefit of TRUSTEES OF the ALASKA LABORERS HEALTH AND SECURITY, RETIREMENT, TRAINING AND LEGAL SERVICES TRUST FUNDS,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN A. PETROSS d/b/a SUNSCAPE CONSTRUCTION<br><br>Defendant. | Case No. A05-_____CV (___) |

## COMPLAINT

COME NOW Plaintiffs, by and through their attorneys, JERMAIN, DUNNAGAN & OWENS, P.C., and for their cause of action against the defendants, complain and allege as follows:

### I.     INTRODUCTION

1.    **Cause of Action.**    This action arises under §§ 502(e)(1) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(e)(1) and 1145, hereinafter referred to as "ERISA."

### II.     THE PARTIES

2.    **Plaintiffs.**    Plaintiff Trustees are the Trustees of the Alaska Laborers Health and Security, Retirement, Training and Legal Services Trust Funds.

3.    **Standing.**    The Plaintiff Trustees are entitled to bring this suit pursuant to § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1), in their capacity as both Trustees and fiduciaries of the above-captioned Trust Funds, as those terms are defined at § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4.    **Defendant.**    Upon information and belief, Defendant, Brian A. Petross d/b/a Sunscape Construction at the time of the events set forth in this Complaint, did business in the State of Alaska.

5.    At all times relevant to this suit, Defendant, Brian A. Petross d/b/a Sunscape Construction, was an employer as that term is defined in § 3(5) of ERISA, 29 U.S.C. § 1002(5).

### III.     ERISA CAUSE OF ACTION

6.    On May 15, 2005 Defendant, Brian A. Petross d/b/a Sunscape Construction ("Sunscape") executed a compliance agreement with the Alaska State District Council of Laborers and its affiliated Local Unions.  Exhibit 1.

7. The Compliance Agreement specifically incorporates all terms and conditions of the Collective Bargaining Agreement ("CBA" or "Master Agreement") between the Associated General Contractors of Alaska, Inc. and Alaska State District Council of Laborers of the Laborers International Union of North America and its Affiliated Local Unions, Laborers and Hod Carriers Local No. 341 and Laborers & Hod Carriers Local No. 942, as that term is referenced at § 515 of ERISA, 29 U.S.C. § 1145.

8. The CBA requires compliance with the terms of the Trust Agreements ("Agreements") that pertain to retirement and supplemental benefits. The Agreements of the respective trusts are writings that comply in all respects with the requirements of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5).

10. Pursuant to the CBA and the Agreements to which Defendant, Sunscape, was bound, Defendant employed persons within the trade and territorial jurisdiction of the CBA and the Agreements, and thereby became obligated to submit timely reports and remit those benefit contributions required by said Agreements to the Trust Funds on a monthly basis.

11. The Agreements required Defendant, Sunscape, to report all hours worked by all covered employees and to make monetary contributions to the retirement, health and security, training and legal funds as set forth in the CBA and Agreements.

12. The Agreements and § 502(g) of ERISA, 29 U.S.C. § 1132(g), require Defendant, Sunscape, to pay the following: Costs incurred in reviewing Sunscape's payroll records resulting in a delinquency determination, liquidated damages for failure to

make timely contribution payments, interest, reasonable attorney fees, and costs incurred in collection.

13. Plaintiffs have fully performed all necessary obligations and duties under said Agreements.

14. Defendant, Sunscape, has breached the CBA and Agreements in the following respects:

   a. By failing and refusing to pay in a timely manner complete fringe benefit contributions owing to the Alaska Laborers-Construction Industry Health and Security, Retirement, Training and Legal Services Funds commencing in May, June and July 2005 in an amount to be proven.

   b. By failing to pay interest owing to the Alaska Laborers-Construction Industry Health and Security, Retirement, Training and Legal Services Funds at the contract rate of 10% per annum from the date the contributions were due until judgment, and attorney fees as prescribed by the Agreements; and

   c. By failing to pay liquidated damages owing to the Alaska Laborers-Construction Industry Health and Security, Retirement, Training and Legal Services Funds at the contract rate of 10% of the delinquent payment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. That this Court order Defendant, Brian A. Petross d/b/a Sunscape Construction to submit to an audit of its payroll records, with Defendant to bear the costs of the audit;

2. That this Court enter a judgment against Defendant, awarding Plaintiffs delinquent contributions owing as proven at trial plus interest at the applicable contract rates, the cost of an audit of the employer's records, liquidated damages, and attorney fees and costs in accordance with the terms of the Trust Agreements;

3. For post-judgment interest at the maximum lawful rate; and

4. For such other and further relief as the Court deems just and equitable.

DATED at Anchorage, Alaska this 13th day of January, 2006.

                        JERMAIN, DUNNAGAN & OWENS, P.C.
                        Attorneys for Plaintiffs

                        By: s/Sarah E. Josephson
                            Sarah E. Josephson
                            Jermain, Dunnagan & Owens
                            3000 A Street, Suite 300
                            Anchorage, AK  99503
                            (907) 563-8844
                            (907) 563-7322
                            sjosephson@jdolaw.com
                            ABA No. 9705017