Sarah E. Josephson, Esq.
Jermain, Dunnagan & Owens
3000 A St., Suite 300
Anchorage, AK 99503
(907) 563-8844

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, for the use and benefit of ) TRUSTEES of the ALASKA LABORERS HEALTH AND SECURITY, RETIREMENT, TRAINING AND LEGAL SERVICES TRUST FUNDS, | ) ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BRIAN A. PETROSS d/b/a SUNSCAPE CONSTRUCTION | ) ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 3:06-CV-00016-RRB |

## MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES

Plaintiffs, the Trustees of the Alaska Laborers Health and Security,

Retirement, Training and Legal Services Trust Funds brought this case against defendant,

Brian A. Petross d/b/a Sunscape Construction, under Sections 502(g) and 515 of the

Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132(g) and 1145 for

failing to make benefit contributions as required by collective bargaining and trust

agreements.

{00126211 }

Section 502(g)(2)(D) of ERISA provides that the court "shall award the plan reasonable attorney's fees and costs of the action, to be paid by the defendant. . . ." 29 U.S.C. § 1132(g)(2)(D); *see also Kemmis v. McGolddrick*, 706 F.2d 993, 997 (9th Cir. 1983), *after remand*, 767 F.2d 594 (9th Cir. 1985)(trustees as prevailing parties are entitled to mandatory award of attorney's fees under Section 502(g)(2) of ERISA); *Operating Engineers Pension Trust v. Reed*, 726 F.2d 513, 514 (9th Cir. 1984)(same).  An award of attorney fees and costs is mandated by ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), if the trust is successful.

The trust agreements provide for recovery of fees incurred in pursuing collection against the employer.  *See* Exhibits 2 and 3 attached hereto.  Under the terms of the Trust Agreements, the plaintiffs are entitled to fees for their collection efforts. Specifically, the Laborers Retirement and Health and Security Trust Funds provide that "the Trustees may take necessary legal action to collect delinquent contributions …. The employer shall be liable to pay the Fund a reasonable sum for attorney fees ... "  *See* Exhibits 2 and 3.

On July 13, 2006 the Court entered judgment in favor of plaintiffs and against defendant, Brian A. Petross d/b/a Sunscape Construction in the principal amount of $3,613.09.  Docket # 9.  The Court is required to determine whether counsel's hourly billing rate is reasonable, and whether the number of hours expended was reasonable to the issues raised in the cause of action.  *O'Farrell v. Twin Brothers Meats, Inc.,* 889 F. Supp. 189, 192-93 (D. Pa. 1995); *New York State Teamsters Conference Pension and Retirement Fund v. Fratto Curbing Co., Inc.,* 875 F. Supp. 129, 131 (D.N.Y. 1995).

The total amount in benefit contributions owed for work performed by laborers for Brian A. Petross d/b/a Sunscape Construction during the months of May, June and July, 2005 was $3,613.09.  See remittance reports attached as Exhibit 4.

A total of 10.7 attorney hours, 5.8 paralegal hours and 1.8 law clerk hours were expended in obtaining the judgment against defendant, Brian A. Petross d/b/a Sunscape Construction, covering the projects and delinquencies at issue, and were necessary for the successful prosecution of this case.  In connection with collection, plaintiffs' attorney and paralegals were required to (a) investigate background facts, prepare various demands and correspondence; (b) review records and compute delinquencies; (c) prepare and file a complaint; (d) prepare and review spreadsheets of amounts owing based on review of remittance reports; (e) conduct factual and legal research regarding service on an absent defendant and ERISA; (f) prepare and file a motion for default judgment; and (g) prepare and file a motion for attorney fees.  *See* Affidavit of Sarah Josephson filed herewith**.**

Plaintiffs urge the Court to find that the number of hours expended by counsel and paralegals was reasonable.  Counsel for plaintiffs billed at the hourly rate of $160.00 - $185.00.  *See* "Affidavit of Sarah Josephson" p. 2, ¶ 3, and "Copies of Bills re: Brian A. Petross d/b/a Sunscape Construction" attached as Exhibit 1 and filed herewith. Paralegals billed at the rate of $110.00 per hour and Law Clerks at the rate of $85.00 per hour.  *Id.*   Plaintiffs request that the Court find these rates to be reasonable. *Twin Brothers Meats, supra.,* 889 F. Supp. at 193 (attorney/paralegal hourly rates between $90.00 and $180.00 reasonable).

Based upon the reasonable rates and reasonable hours, the plaintiffs' Trust Funds incurred $2,515.50 worth of fees in pursuing collection for contributions owing from May, June and July, 2005 and obtaining their judgment against Brian A. Petross d/b/a Sunscape Construction.  Plaintiffs respectfully request that the Court award attorney fees in the amount of $2,515.50 upon the judgment.

DATED at Anchorage, Alaska, this 24th day of July, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.
Attorneys for Plaintiffs

By:    S/Sarah E. Josephson
        Sarah E. Josephson
        Jermain, Dunnagan & Owens
        3000 A Street, Suite 300
        Anchorage, AK  99503
        (907) 563-8844
        (907) 563-7322
        sjosephson@jdolaw.com
        ABA No. 9705017